IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| WADE ROWLAND SANDERS, | § | |
| Reg. No. 11677-298, | § | |
|     Petitioner, | § | |
| | § | EP-11-CV-241-FM |
| v. | § | |
| | § | |
| M. TRAVIS BRAGG, Warden, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Wade Rowland Sanders's ("Sanders") petition for a writ of habeas corpus under 28 U.S.C. § 2241. Therein, Sanders asks the Court to intervene in his behalf and order the Bureau of Prisons ("BOP") to release him to a residential reentry center or home detention in accordance with the Second Chance Act.[1] For the reasons discussed below, the Court will dismiss Sanders's petition pursuant to 28 U.S.C. § 2243.[2]

---

[1] The Second Chance Act of 2007, Pub. L. No. 110-199 § 251(a), 122 Stat. 657 (Apr. 9, 2008), directs "a shift from policing those on parole to rehabilitating them" and places on the "parole system . . . an increasing special obligation to help federal offenders successfully reenter into society." *United States v. Wessels*, 539 F.3d 913, 915 (8th Cir. 2008) (Bright, J., concurring). The Act includes funding for such services as appropriate drug treatment, job training and placement, educational services, and other services or support needed for reentry, and is intended to rehabilitate prisoners and reduce recidivism. *Id.* The Act also addresses home confinement and placement in residential reentry centers (halfway houses). *See* 18 U.S.C.A. § 3624(c) (West 2011). Relevant to the instant petition, the Act modifies 18 U.S.C. § 3624(c) to permit the Bureau of Prisons to place a prisoner in a community correctional facility for up to twelve months or in home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." *Id.* § 3624(c)(2). The Act also directs the Bureau to issue new regulations to ensure that placements in community correctional facilities are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id.* § 3624(c)(6). The Bureau adopted new regulations, codified at 28 C.F.R. §§ 570.20-.22, effective October 21, 2008. Both the statute and the regulations instruct the Bureau to make a determination on the amount of time a prisoner should spend in residential reentry center "on an individual basis." *See* 18 U.S.C. § 3624(c)(6); 28 C.F.R. § 570.22.

[2] 28 U.S.C. § 2243 (West 2011) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is

According to his petition, Sanders pleaded guilty, pursuant to a plea agreement, to a one-count information charging him with possessing the images of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)((B)(4).[3] The United States District Court for the Southern District of California accepted his plea and sentenced him to thirty-seven months' imprisonment followed by five years' supervised release.[4] As a condition of his supervised release, the Court ordered Sanders to "register with the state sex offender registration in the state where he resides, works, or is a student, as directed by the probation officer."[5] The BOP has incarcerated Sanders at the La Tuna Federal Correctional Institution, in Anthony, Texas, which is within the Western District of Texas, El Paso Division. His projected release date is March 16, 2012.[6]

The sentencing judge, United States District Judge Thomas J. Whelan, recommended that the BOP assign Sanders to a residential reentry center ("RRC") or home detention for the maximum twelve-month period permitted by the Second Chance Act.[7] A unit manager at La Tuna, however, advised Sanders that the BOP staff had denied his application for maximum relief under the Act and indicated that "[a] referral requesting 90-120 days of RRC will be sought."[8] In response to Sanders's subsequent request for an administrative remedy, Respondent

---

not entitled thereto.").

[3] Supplement to Pet. 3-4.

[4] *United States v. Sanders*, 08-CR-4180-W (S.D. Cal. May 4, 2009).

[5] Supplement to Pet. Ex. D (J. in a Criminal Case).

[6] Supplement to Pet. 5.

[7] *Id.* Ex. E (Recommendation Re: Placement of Wade Sanders to an RCC or Home Detention).

[8] *Id.* Ex. F (Application for Extended Halfway House time/Home Detention); Ex. G (BP-S148.070 Inmate Request to Staff Member).

Warden M. Travis Bragg explained that, due to the nature of his offense, the United States Probation Office in San Diego, California, recommended that he not participate in a residential reentry center or home detention as a form of pre-release.

> When evaluating an inmate for RRC placement, a number of factors are weighed in determining a recommendation for RRC placement. The determinations are the resources of the facility contemplated, nature and circumstances of the offense, history and characteristics of the prisoner, statement by the Court who imposed the sentence and any policy statement issued by the U.S. Sentencing Commission.
>
> Program Statement 5321.07, <u>Unit Management Manual</u>, states that during the final release planning, at least 90 days before a scheduled release directly to the community or at time of referral to a RRC, staff will forward release planning materials to the district of supervision. On February 7, 2011, due to the nature of your offense, staff contacted the United States Probation Office (USPO) in the Southern District of California soliciting their view on your appropriateness for RRC placement. On March 1, 2011, the United States Probation Office in San Diego, California, responded to the unit team's request and stated that because of your offense, you would not be allowed to participate in a RRC as a form of pre-release. As a result, the unit team will not recommend you for RRC placement or Direct Home Confinement.[9]

Sanders claims he is "ideally suited for the Second Chance Act's relief provisions" because "[t]hree medical professionals [have] . . . agreed that he is neither a pedophile nor a danger to the community."[10] Moreover, he argues numerous equitable considerations–including his service as a naval officer, advocacy for veterans' rights, and involvement in numerous community volunteer endeavors–warrant granting him a "second chance."[11] Sanders "requests that this Court grant his petition . . . and order the BOP to release him to home detention

---

[9] *Id.* Ex. B (Response to Request for Administrative Remedy).

[10] Supplement to Pet. 15, 20.

[11] *Id.* at 21-22.

-3-

forthwith or to meaningfully evaluate his release using the statutory and regulatory framework of the Second Chance Act."[12]

An initial issue which the Court must address in reviewing a § 2241 petition is whether the petitioner has exhausted his administrative remedies. This is because a federal prisoner must typically exhaust his administrative remedies before seeking habeas relief.[13] Exhaustion requires the petitioner to "fairly present all of his claims" through appropriate channels prior to pursuing federal habeas relief.[14] Exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency."[15] In this regard, "[w]hen an agency has the opportunity to correct its own errors, a judicial controversy may well be mooted, or at least piecemeal appeals may be avoided."[16] Additionally, "exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration."[17] These concerns apply with particular force "when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise."[18]

---

[12] *Id.* at 28.

[13] *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (addressing exhaustion in context of a § 2241 challenge by a federal prisoner to a parole decision).

[14] *See Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (addressing a § 2241 petition filed by a state pre-trial detainee).

[15] *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).

[16] *Id.* (citing *Parisi v. Davidson*, 405 U.S. 34, 37 (1972); *McKart v. United States*, 395 U.S. 185, 194 (1969)).

[17] *Id.* (citing *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

[18] *Id.* (citing *McKart*, 395 U.S. at 195).

Exhaustion requirements "may be subject to certain defenses such as waiver, estoppel or equitable tolling."[19] Furthermore, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," the petitioner need not exhaust his administrative remedies.[20] Such exceptions to the exhaustion requirement, however, "apply only in 'extraordinary circumstances,' and [the petitioner] bears the burden of demonstrating the futility of administrative review."[21] If a federal inmate carries his burden to demonstrate an applicable exception to the exhaustion requirement, he may obtain a merits ruling on his § 2241 petition despite a lack of exhaustion.[22]

The BOP has established a multi-tiered administrative remedy program whereby inmates can "seek formal review of an issue relating to any aspect of [their] own confinement."[23] First, the inmate must present his particular complaint to the prison staff and attempt to resolve the issue in an informal manner.[24] If the complaint cannot be resolved informally, the inmate must file a formal written administrative remedy request on a BP-9 form with the prison warden.[25]

---

[19] *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2 (5th Cir. 2001).

[20] *Fuller*, 11 F.3d at 62.

[21] *Id.*

[22] *Id.*

[23] 28 C.F.R. § 542.10(a).

[24] *Id.* § 542.13(a).

[25] *Id.* § 542.14.

The warden has twenty days to respond, which may be extended by an additional twenty days.[26] Any adverse decision by the warden must be appealed to the appropriate regional director by filing a BP-10 form.[27] The regional director has thirty days to issue a response, which may be extended by an additional thirty days. The final step in the administrative review process is an appeal to the Office of General Counsel on a BP-11 form.[28] The General Counsel has forty days to issue a response.[29] If an inmate does not receive a response within the time allotted for a reply, he may consider the absence of a response a denial at that level and proceed to the next level.[30] An inmate may seek relief in federal court only after he has exhausted all levels of the administrative review process.[31]

Sanders concedes that he has not exhausted the BOP's administrative review process. He asks the Court to "excuse" him from the requirement.[32] He maintains the BOP has ignored his BP-10 appeal, but does not claim he pursued his claim to the Office of the General Counsel on a BP-11 form. Sanders argues "[c]onsidering the lack of meaningful review in this case, the BOP's dilatory tactics and redundant process violate Petitioner's due process guarantee of meaningful review of his custody status considering his relatively short term of incarceration

---

[26] *Id.* § 542.18.

[27] *Id.* § 542.15(a).

[28] *Id.*

[29] *Id.* § 542.18.

[30] *Id.*

[31] *See Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

[32] Supplement to Pet. 15.

remaining."[33] Such "conclusory allegations or legal conclusions masquerading as factual conclusions" will not suffice to avoid summary dismissal.[34] Moreover, when confronted with the argument "that to require exhaustion of . . . remedies . . . would deprive a . . . prisoner of the speedy review of his grievance which is so often essential to any effective redress," the Supreme Court acknowledged that "exhaustion of . . . remedies takes time, but there is no reason to assume that . . . prison administrators . . . will not act expeditiously."[35] In short, Sanders has neither exhausted his administrative remedies nor shown the extraordinary circumstances necessary to exempt him from the exhaustion requirement. The Court will, therefore, not waive the exhaustion requirement.

Additionally, under the Second Chance Act, the BOP retains the discretion to determine a prisoner's placement.[36] Any request for placement in a residential reentry center is, therefore, not properly addressed to the Court.[37]

---

[33] *Id.* at 14.

[34] *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

[35] *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973).

[36] *See* 18 U.S.C. A. § 3624(c)(1) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.").

[37] *See United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (declining to address the defendant's request to serve the remainder of his sentence on home confinement, reasoning that "such requests are properly directed to the Bureau of Prisons."); *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992) ("Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period.").

Accordingly, the Court concludes it appears from Sanders's petition that he is not entitled to § 2241 relief.[38] The Court, therefore, enters the following orders:

1. The Court **DISMISSES WITHOUT PREJUDICE** Petitioner Wade Rowland Sanders's petition for a writ of habeas corpus under 28 U.S.C. § 2241 for failure to exhaust his administrative remedies.

2. The Court **DENIES AS MOOT** all pending motions.

**SO ORDERED.**

**SIGNED** on this ___15___ day of June, 2011.

FRANK MONTALVO
**UNITED STATES DISTRICT JUDGE**

---

[38] 28 U.S.C. § 2243.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| WADE ROWLAND SANDERS, | § | |
| Reg. No. 11677-298, | § | |
|     Petitioner, | § | |
| | § | EP-11-CV-241-FM |
| v. | § | |
| | § | |
| M. TRAVIS BRAGG, Warden, | § | |
|     Respondent. | § | |

## FINAL JUDGMENT

In accordance with the Memorandum Opinion and Order of this Court signed on this date, the Court enters its final judgment, pursuant to Federal Rule of Civil Procedure 58, as follows:

**IT IS ORDERED** that Petitioner Wade Rowland Sanders's cause is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** on this _____ day of June, 2011.

 

                                                                     FRANK MONTALVO
                                                                       UNITED STATES DISTRICT JUDGE